UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID C. WHILE, | Case No. 4:05CV2588 |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO |
| | Magistrate Judge George J. Limbert |
| vs. | |
| RICH GANSHIEMER, | <u>REPORT AND RECOMMENDATION</u> |
| | <u>OF MAGISTRATE JUDGE</u> |
| Respondent. | |

This matter is before the Court on a petition filed pursuant to 28 U.S.C. § 2254 for a writ of federal habeas corpus filed by David C. While ("Petitioner"). ECF Dkt. #1. For the following reasons, the undersigned recommends that this Court DISMISS the instant petition for writ of habeas corpus with prejudice.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted by the September 2000 Term of the Trumbull County, Ohio Grand Jury for one count of Failure to Register as a Sexually Oriented Offender in violation of Ohio Revised Code (O.R.C.) § 2950.04(A)(5) and 2950.99 and three counts of Gross Sexual Imposition in violation of O.R.C. § 2907.05(A)(4)&(B). ECF Dkt. #8, Attachment 2 at 1-3. Petitioner pled not guilty to the charges in the indictment and through counsel, waived his right to a jury trial as to the first count of failure to register as a sexually oriented offender. ECF Dkt. #8, Attachment 2. One count of gross sexual imposition was dismissed and the trial proceeded on the two remaining counts of Gross Sexual Imposition. ECF Dkt. #8, Attachment 2 at 6. On February 6, 2001, Petitioner was found guilty of the two remaining charges of gross sexual imposition. ECF Dkt. #8, Attachment 2

-1-

at 7-9.  Additionally, Petitioner was found guilty of failure to register as a sexually oriented offender at a bench trial.  ECF Dkt. #8, Attachment 2 at 10-13.  On April 11, 2001, a sexual predator hearing was held and Petitioner was determined to be a sexual predator.  ECF Dkt. #8, Attachment 2 at 14-17.  On April 20, 2001, While was sentenced to ten ½ years incarceration.  ECF Dkt. #8, Attachment 2 at 18-21.

Petitioner, through new counsel, timely appealed his conviction to the Eleventh Appellate District Court of Appeals. ECF Dkt. #8, Attachment 2 at 22-24.  In his brief, Petitioner presented the following assignments of error:

1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SENTENCING THE APPELLANT ON BOTH OF THE GROSS SEXUAL IMPOSITION CHARGES OF WHICH THE APPELLANT WAS CONVICTED.

2. THE TRIAL COURT ERRED BY ADMITTING NUMEROUS UNAUTHENTICATED AND PREVIOUSLY UNDISCLOSED DOCUMENTS, INCLUDING A PSYCHOLOGICAL REPORT, AT APPELLANT'S SEXUAL PREDATOR HEARING, OVER THE OBJECTIONS OF COUNSEL.

3. THE APPELLANT'S CONVICTION FOR FAILURE TO REGISTER AS A SEXUALLY ORIENTED OFFENDER WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

4. THE APPELLANT'S CONVICTIONS FOR GROSS SEXUAL IMPOSITION WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ECF Dkt. #8, Attachment 3.  On February 11, 2002, the State filed its brief. ECF Dkt. #8, Attachment 4.  On September 2, 2003, the court of appeals found that the State did not prove the elements to convict appellant for failing to register as a sexual offender and remanded the case accordingly. ECF Dkt. #8, Attachment 5.

On September 11, 2003, While filed a motion to certify the record to the Ohio Supreme Court for conflict. ECF Dkt. #8, Attachment 6. The State filed an answer. ECF Dkt. #8, Attachment 6. On October 20, 2003, the court overruled the motion. ECF Dkt. #8, Attachment 6.

In the meantime, Petitioner, through the same counsel, filed a timely notice of appeal to the Ohio Supreme Court. ECF Dkt. #8, Attachment 7. In his memorandum in support of jurisdiction, Petitioner presented the following propositions of law:

1. TRIAL COURT COMMITS REVERSIBLE ERROR BY SENTENCING A CRIMINAL DEFENDANT ON BOTH COUNTS OF GROSS SEXUAL IMPOSITION OF WHICH HE WAS CONVICTED, WHERE THE RECORD REVEALS THAT BOTH COUNTS INVOLVED ONE SEXUAL ASSAULT, WITH NO SEPARATE AND DISTINCT ANIMUS.

2. VARIOUS DOCUMENTS WHICH ARE UNAUTHENTICATED AND PREVIOUSLY UNDISCLOSED TO DEFENSE COUNSEL, INCLUDING A PSYCHOLOGICAL REPORT, MAY NOT BE INTRODUCED INTO EVIDENCE AT A SEXUAL PREDATOR HEARING, WHERE THE RECORD REVEALS THAT NO WITNESSES WERE CALLED TO IDENTIFY OR PROPERLY AUTHENTICATE SUCH AND, THEREFORE, THE STATEMENTS CONTAINED THEREIN ARE NOT SUBJECT TO CROSS-EXAMINATION.

ECF Dkt. #8, Attachment 7. The State filed a response. ECF Dkt. #8, Attachment 8. On December 24, 2003, the Ohio Supreme Court denied leave to appeal based upon the jurisdictional memoranda and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #8, Attachment 8.

On February 3, 2004, pursuant to the September 2, 2003, court of appeals opinion, Petitioner was re-sentenced to two consecutive five year terms of incarceration. ECF Dkt. #8, Attachment 8. On that same date, the court nolled the charge of Failure to Register as a Sexually Oriented Offender. ECF Dkt. #8, Attachment 8.

On July 12, 2004, Petitioner filed a federal petition for a writ of habeas corpus. *See While v. Bobby*, 4:04cv1300. However, this petition was dismissed on August 31, 2004, because the petition presented both exhausted and unexhausted claims. *See id.*

On October 27, 2004, Petitioner, acting pro se, filed an application for reopening pursuant to App. R. 26(B) and motion for leave to file a delayed application. ECF Dkt. #8, Attachment 9. The state filed a memorandum in opposition. ECF Dkt. 8, Attachment 10 at 1-5. On May 17, 2005, the court of appeals overruled the reopening because the application was almost 11 months late, the ineffective assistance of counsel claim lacked merit and the substantive claims underlying the ineffective assistance of counsel were meritless. ECF Dkt. 8, Attachment 10 at 6-9.

On June 23, 2005, Petitioner appealed the denial of reopening to the Ohio Supreme Court. ECF Dkt. 8, Attachment 10. In his memorandum in support of jurisdiction, Petitioner presented the following propositions of law:

1. WHEN APPELLATE COUNSEL FAILS TO BRIEF THE APPELLATE COURT ON CONSEQUENTIAL FACTS SIGNIFICANT TO AN ASSIGNMENT OF ERROR PRESENTED FOR REVIEW, AND THAT DEFAULT SUBSTANTIALLY PREJUDICES THE OUTCOME OF THE APPEAL, [PETITIONER] IS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WITHIN THE MEANING OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

2. [PETITIONER] WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL DUE TO NUMEROUS INSTANCES OF PROSECUTORIAL MISCONDUCT DURING TRIAL WHICH SUBSTANTIALLY PREJUDICED AND MISLED THE JURY TO FIND HIM GUILTY.

3. APPOINTED TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO ADEQUATELY PREPARE FOR TRIAL, DEPRIVING [PETITIONER] OF HIS CONSTITUTIONAL RIGHTS TO EFFECTIVE REPRESENTATION UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE

>
> UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION.
>
> 4. APPOINTED TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO OBJECT DURING VOIR DIRE IN REFERENCE TO JUROR #6, WHEN COUNSEL KNEW THAT THERE EXISTED A CONFLICT OF INTEREST BETWEEN JUROR #6 AND THE TRUMBULL COUNTY PROSECUTOR'S OFFICE, AND SAID CONFLICT OF INTEREST WAS HIGHLY PREJUDICIAL TO [PETITIONER'S] RIGHT TO A FAIR AND IMPARTIAL TRIAL.
>
> 5. [PETITIONER] WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY AN IMPARTIAL JURY WHEN ONE OF THE SEATED JURORS HAD PRIOR KNOWLEDGE OF THE CASE AND WAS IN CLOSE ASSOCIATION WITH A WITNESS FOR THE PROSECUTION.

ECF Dkt. 8, Attachment 10 at 12-26. The State did not respond and on September 7, 2005, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. 8, Attachment 10 at 27-30.

On November 3, 2005, Petitioner returned to federal court and filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. He asserts the following grounds for relief:

> **GROUND ONE:** IN VIOLATION OF DUE PROCESS, A TRIAL COURT COMMITS REVERSIBLE ERROR BY SENTENCING A CRIMINAL DEFENDANT ON BOTH COUNTS OF GROSS SEXUAL IMPOSITION FOLLOWING CONVICTION, WHEN RECORD REVEALS ONE SEXUAL ASSAULT WITH NO SEPARATE AND DISTINCT ANIMUS.
>
> **Supporting FACTS:** The record reflects that evidence adduced during trial established "one uninterrupted assaultive episode" against the victim in which Petitioner purportedly touched the victim in two separate areas. Thus, each instance of touching was incidental to each other with no separate and distinct animus. Where petitioner' several acts constitute one interrupted assaultive episode without a separate animus as to each act, R.C. §2941.25(A) permits only one conviction.
>
> **GROUND TWO:** IN VIOLATION OF DUE PROCESS, A TRIAL COURT ERRORS BY ADMITTING NUMEROUS UNAUTHENTICATED AND PREVIOUSLY UNDISCLOSED DOCUMENTS INTO EVIDENCE DURING A

SEXUAL PREDATOR HEARING.

**Supporting FACTS:** The record reveals that no witnesses were called to identify or properly authenticate at least five submitted documents, including, but not limited to a psychological report. Document were not properly authenticated, were not supported by testimony, nor subject to cross-examination. Documents were not previously disclosed prior to the hearing and their submission into evidence prejudiced the petitioner.
**GROUND THREE:** IN VIOLATION OF DUE PROCESS, PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

**Supporting FACTS:** Petitioner's appellate counsel was deficient on direct appeal for not raising an assignment of error relative to the ineffective assistance of trial counsel. For not raising an assignment of error relative to prosecutorial misconduct during both opening and closing statements. The record reflects both ineffective assistance of defense counsel and instances of prosecutorial misconduct. Appellate counsel's deficiency in this regard prejudiced the petitioner.

**GROUND FOUR:** IN VIOLATION OF DUE PROCESS, PETITIONER WAS DENIED HIS RIGHT TO A FAIR TRIAL BY AN IMPARTIAL JURY.

**Supporting FACTS:** The record will reflect that juror #8, [Clara A. Thorton] had prior knowledge of Petitioner's case and was further in close association [ex-girlfriend] of a witness testifying at State's behest. This juror was also a close friend of a Trumbull County Assistance Prosecutor, whose brother was the State's witness. Petitioner was prejudiced thereby and denied effective assistance of defense counsel for not removing this witness from the Petitioner's jury.

ECF Dkt. #1. On November 3, 2005, District Judge Christopher A. Boyko referred the instant petition to the undersigned for a report and recommendation. ECF Dkt. #4. On February 22, 2006, Petitioner filed a motion requesting appointment of counsel which was subsequently denied. ECF Dkt. #s 7, 9. On March 10, 2006, Respondent filed a return of writ. ECF Dkt. #8. On March 28, 2006, Petitioner filed a traverse supporting Grounds for Relief numbers one, three and four and abandoning Ground for Relief number two. ECF Dkt. #10.

## II. STANDARD OF REVIEW

Since Petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

Before a reviewing court will review the merits of a federal petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles namely, time limitation, exhaustion and procedural default.

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with a statute of limitations period set forth in 28 U.S.C. § 2244, which provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    ...
>
> (d)(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). "The burden of proving that the statute of limitations has expired falls upon the party asserting the defense; in a habeas case, this burden thus falls on the government." *DiCenzi v. Rose,* 419 F.3d 493, 496 (6th Cir. 2005), citing generally *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). The AEDPA statute of limitations runs from the date on which the judgment of conviction becomes final on direct appeal or upon the expiration of the time for seeking direct review, but the statute is tolled for any period of time in which a properly filed

-7-

petition for post-conviction relief is pending before the state courts. 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-10 (2000). Pursuant to the terms of § 2244(d)(2), state court petitions and applications must be both "pending" and "properly filed" in order to toll the AEDPA's one-year period of limitation. 28 U.S.C. § 2244(d)(2); *see also Thomas v. Johnson*, No. 99-3628, 211 F.3d 1270 (Table), 2000 WL 553948 at *2 (6th Cir. Apr. 28, 2000), citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). That is, if a state petition or application is filed following the expiration of the period of limitation, it cannot possibly toll the period because there is "no period remaining to be tolled." *Webster*, 199 F.3d at 1259. In addition, the state petition or application must concern the federally cognizable claim that the petitioner is raising in his instant federal habeas corpus petition. *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999).

The one-year statute of limitations under Section 2244 is also subject to equitable tolling. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001). The petitioner bears the ultimate burden of persuading the Court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Whether equitable tolling is appropriate is a case-by-case analysis. *Id.*; *see Griffin v. Rogers*,

399 F.3d 626, 639 (6th Cir. 2005).

Once the statute of limitations bar is overcome, a federal habeas corpus petitioner also faces the additional procedural hurdles of exhaustion and procedural default before a federal court will review his grounds for relief. As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Unless an exception applies, a petition must be dismissed for lack of exhaustion if it contains at least one issue which was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to

present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because of the petitioner's noncompliance with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  The Sixth Circuit Court of Appeals established a four-pronged test to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under *Maupin*, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

As set forth in the *Maupin* analysis, a claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 751 (1991).  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *See Smith v.*

*Murray*, 477 U.S. 527 (1986).

### III. ANALYSIS

Respondent argues that Petitioner has failed to comply with the one year statute of limitations mandated by the AEDPA. ECF Dkt. #8. Petitioner had one year from the date the deadline for filing for a writ of certiorari to the United States Supreme Court elapsed to timely file a federal writ of habeas corpus under the AEDPA. 28 U.S.C. § 2244(d)(1)(A). Petitioner's time elapsed on March 23, 2004, thus, Petitioner had until March 23, 2005 to file a timely writ of habeas corpus. The instant petition was filed on November 3, 2005, well over seven months late. *See* ECF Dkt. #1.

Petitioner's first petition was timely filed on July 12, 2004. However, the filing of a federal habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Petitioner's first petition was then dismissed because it contained exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). At the time of this dismissal on August 31, 2004, Petitioner had 161 days remaining on the AEDPA statute of limitations. In an attempt to exhaust all of his claims, Petitioner filed a 26(B) application in the state appellate court on October 27, 2004. However, this filing does not toll the AEDPA statute of limitations because it was dismissed by the court of appeals as untimely.[1] *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that a state collateral action dismissed as untimely is not "properly filed" within the meaning of the AEDPA and does not toll the statute of limitations); *see also Searcy v. Carter*, 246 F.3d 515, 520-21 (6th Cir. 2001) (holding that a 26(B)

---

[1] The Court of Appeals determined that not only was Petitioner's 26(B) application to re-open his appeal filed nearly eleven months late, but also the claims contained therein, for ineffective assistance of counsel and those grounds underlying the ineffective assistance claim were meritless. *See* ECF Dkt. #8, Attachment 10.

application does not cause the AEDPA limitations period to begin anew); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003) (explaining that federal courts defer to state courts on matters of state filing requirements). Thus, by the time the state court of appeals had disposed of Petitioner's 26(B) application on May 17, 2005, the AEDPA statute of limitations had run.

Moreover, since the limitations period ended on March 23, 2005, Petitioner's subsequent appeal to the Ohio Supreme Court could not toll the statute of limitations. *See Peyton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (rejecting petitioner's argument that the AEDPA statute of limitations does not begin to run until petitioner has exhausted all of his state post-conviction remedies); *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000) (explaining that once the AEDPA limitations period has elapsed, there is no longer any time period left to toll). Thus, the instant petition was filed well over seven months late.

Petitioner argues in his traverse that he has followed the instruction of the federal court by exhausting his state remedies and has now properly returned to federal court. ECF Dkt. #10 at 1. However, as explained above, Petitioner's statute of limitations has expired. District Courts can dismiss mixed petitions even if that endangers their ability to timely re-file. *See Griffin v. Rogers*, 399 F.3d 626, n.5 (6th Cir. 2005) (explaining that the Supreme Court has recently implied that district courts have the power to dismiss mixed petitions even if that endangers their ability to timely re-file). But even if the District Court had stayed the original petition instead of dismissing it, Petitioner did not file in state court to exhaust his claims within 30 days of the dismissal of his federal case and he did not return to federal court within 30 days of the disposition of his state application as required by *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). Thus, the instant application is time barred. *See Godbolt v. Russell*, 82 Fed. Appx. 447

(6th Cir. 2003) (per curiam) (finding that even if the district court had stayed and not dismissed the petition, the petitioner did not comply with the 30-day window set forth in *Palmer*, thus there was no error).

Accordingly, the undersigned recommends that the Court find that Petitioner's statute of limitations has expired and therefore, his petition should be dismissed. Also, insofar as Petitioner has requested an evidentiary hearing in the traverse, based on the foregoing, the undersigned recommends that it be denied.

### IV.   CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's petition for writ of habeas corpus is time-barred. Accordingly, the undersigned recommends that the Court DISMISS Petitioner's instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 with prejudice. ECF Dkt. #1.

Date:   September 8, 2006                         */s/George J. Limbert*
                                                  George J. Limbert
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).