**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID C. WHILE,** | ) | **CASE NO.4:05CV2588** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **RICH GANSHIEMER,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner David C. While's Petition Under 28 U.S.C.

§2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).  For the following

reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and

Recommendation and denies Petitioner's petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report

and Recommendation adopted and incorporated, provides a more complete and detailed

discussion of the facts.  On April 10, 2001, after a jury trial in Trumbull County, Ohio Court of

Common Pleas, Petitioner was convicted of Two Counts of Gross Sexual Imposition in violation

1

of Ohio Revised Code Section 2907.05(A)(4) and (B).  Petitioner was also found guilty of Failing to Register as a Sexually Oriented Offender at a bench trial. At a hearing held April 11, 2001, Petitioner was determined to be a sexual predator.   Petitioner was sentenced to a ten and one-half year term of incarceration.  Plaintiff, through counsel, timely  filed an appeal with the Eleventh Appellate District Court of Appeals.  On September 2, 2003, the Eleventh District Court upheld the convictions for Gross Sexual Imposition but held the State had failed to prove its case against Petitioner for Failing to Register as a Sexually Oriented Offender and remanded the case back to the trial court for re-sentencing.  On September 11, 2003, Petitioner filed a Motion to Certify the Record to the Ohio Supreme Court for onflict.   The Ohio Supreme Court denied Petitioner's Motion to Certify on October 20, 2003.  On December 24, 2003, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  On February 3, 2004, Petitioner was re-sentenced to two consecutive five-year terms of incarceration and the State nolled its charge against Petitioner for Failing to Register as a Sexually Oriented Offender.

On July 12, 2004, Petitioner filed for Writ of Habeas Corpus in federal court.  The Court determined Petitioner's petition contained both exhausted and unexhausted claims and subsequently dismissed the petition without prejudice.  On October 27, 2004, Petitioner filed an Application for Reopening and a Motion for Leave to File a Delayed Application with the state appellate court.  On May 17, 2005, the state appellate court denied Petitioner's application as untimely and determined Petitioner's ineffective assistance of counsel and substantive claims underlying the ineffective assistance of counsel claims were without merit.

On June 23, 2005, Petitioner appealed this denial to the Ohio Supreme Court and on

2

September 7, 2005, the Ohio Supreme Court dismissed the appeal.  On November 3, 2005,

Petitioner filed the instant Petition for a Writ of Habeas Corpus asserting the following claims:

> **GROUND ONE:** IN VIOLATION OF DUE PROCESS, A TRIAL COURT
> COMMITS REVERSIBLE ERROR BY SENTENCING A CRIMINAL
> DEFENDANT ON BOTH COUNTS OF GROSS SEXUAL IMPOSITION
> FOLLOWING CONVICTION, WHEN RECORD REVEALS ONE SEXUAL
> ASSAULT WITH NO SEPARATE AND DISTINCT ANIMUS.
>
> **Supporting FACTS:** The record reflects that evidence adduced during trial
> established "one uninterrupted assaultive episode" against the victim in which
> Petitioner purportedly touched the victim in two separate areas. Thus, each instance
> of touching was incidental to each other with no separate and distinct animus. Where
> petitioner' several acts constitute one interrupted assaultive episode without a
> separate animus as to each act, R.C. §2941.25(A) permits only one conviction.
>
> **GROUND TWO:** IN VIOLATION OF DUE PROCESS, A TRIAL COURT
> ERRORS BY ADMITTING NUMEROUS UNAUTHENTICATED AND
> PREVIOUSLY UNDISCLOSED DOCUMENTS INTO EVIDENCE DURING A
> SEXUAL PREDATOR HEARING.
>
> **Supporting FACTS:** The record reveals that no witnesses were called to identify or
> properly authenticate at least five submitted documents, including, but not limited
> to a psychological report. Documents were not properly authenticated, were not
> supported by testimony, nor subject to cross-examination. Documents were not
> previously disclosed prior to the hearing and their submission into evidence
> prejudiced the petitioner.
>
> **GROUND THREE:** IN VIOLATION OF DUE PROCESS, PETITIONER WAS
> DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.
>
> **Supporting FACTS:** Petitioner's appellate counsel was deficient on direct appeal
> for not raising an assignment of error relative to the ineffective assistance of trial
> counsel. For not raising an assignment of error relative to prosecutorial misconduct
> during both opening and closing statements. The record reflects both ineffective
> assistance of defense counsel and instances of prosecutorial misconduct. Appellate
> counsel's deficiency in this regard prejudiced the petitioner.
>
> **GROUND FOUR:** IN VIOLATION OF DUE PROCESS, PETITIONER WAS
> DENIED HIS RIGHT TO A FAIR TRIAL BY AN IMPARTIAL JURY.
>
> **Supporting FACTS:** The record will reflect that juror #8, [Clara A. Thorton] had
> prior knowledge of Petitioner's case and was further in close association [exgirlfriend]

3

of a witness testifying at State's behest. This juror was also a close friend of a Trumbull County Assistant Prosecutor, whose brother was the State's witness. Petitioner was prejudiced thereby and denied effective assistance of defense counsel for not removing this witness from the Petitioner's jury.

On November 23, 2005, this Court referred Petitioner's petition to the Magistrate Judge for a Report and Recommendation.  On March 10, 2006, the Petitioner filed a Traverse in which he abandoned Ground for Relief number Two.  The Magistrate Judge issued his Report and Recommendation on September 8, 2006.  Petitioner timely filed his Objections to the Report and Recommendation on September 25, 2006.

## <u>STANDARD OF REVIEW</u>

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.  *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

A judge of the court shall make a *de novo* determination of those portions of the

4

report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Magistrate Judge determined Petitioner's claims were time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA imposes a one-year statute of limitation, as set forth in 28 U.S.C. §2244 which states in pertinent part:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge determined Petitioner's conviction became final on March 4, 2004 thirty days after the Common Pleas Court re-sentenced Petitioner.  Petitioner's appeal to the Ohio Supreme Court, denied December 24, 2003, became final March 23, 2004 when the time to file a writ for certiorari to the United States Supreme Court expired.  Petitioner filed the instant petition on November 3, 2005.  Under any of the methods listed in §2244 for computing the one-year limitation period, Petitioner's filing was untimely.  As the Magistrate Judge's Report and Recommendation makes clear, Petitioner's application to reopen, filed October 27, 2004, does

5

not toll the AEDPA statute of limitations because it was dismissed as untimely by the state appellate court and was, therefore, not "properly filed" so as to toll the limitation period under 28 U.S.C. §2244(d)(2).  Neither does Petitioner's subsequent appeal to the Ohio Supreme Court toll the AEDPA limitations period, as the appeal was filed after the one year limitation period had already run.  Finally, Petitioner failed to file in state court the  unexhausted claims included in his original habeas petition within thirty days of the dismissal of his federal petition and failed to file the instant petition within thirty days of the denial of his state application.  Therefore, the Magistrate Judge determined Petitioner's claims were time-barred.

In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner contends his instant petition was filed in compliance with the ruling of the United States District Court in Petitioner's first habeas petition dismissing, without prejudice, Petitioner's petition for failure to exhaust some of his claims.  Petitioner contends  the claims asserted in his original petition were timely and his dismissal was without prejudice, therefore,  the reassertion of those claims is timely.  He contends the AEDPA limitations period should have been tolled during the time his first petition was dismissed for failure to exhaust some of his claims.  In addition, Petitioner contends the judge, in his first habeas petition, failed to inform him of his right to amend his original habeas petition to remove the unexhausted claims.  Also, he contends the prior judge granted him leave to return to federal court upon exhaustion of the unexhausted claims.

The Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments regarding the timeliness of the Petition presently before this Court.  This Court agrees that Petitioner's petition is untimely filed and **Accepts** and

6

**Adopts** the Magistrate Judge's Report.

The remaining issues involve equitable tolling principles.  Petitioner contends this Court should toll the limitations period for equitable reasons.  Equitable tolling does apply to the one-year limitation period set forth in the AEDPA.  *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001).  When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Whether equitable tolling is appropriate is a case-by-case analysis. *Id.* The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003).

The Magistrate Judge's Report and Recommendation determined Petitioner's habeas petition before this Court was untimely filed. This Court agrees and finds it was not improper for the District Court Judge to dismiss Petitioner's first habeas petition containing exhausted and unexhausted claims, even when such dismissal endangered Petitioner's ability to timely re-file. See *Griffin v. Rogers,* 399 f.3d 626, n. 5 (6th Cir. 2005).   Finally, Petitioner failed to timely file a state court appeal of his unexhausted claims after dismissal of his first habeas petition and then failed to return to federal court within thirty days after disposition of his state application. Therefore, his instant petition is time barred.

7

The Court finds that a dismissal without prejudice of Petitioner's first habeas petition for lack of exhaustion does not toll the time limitation for re-filing upon exhaustion.  Petitioner has presented no case law to support such a conclusion.  Nor has Petitioner argued he lacked knowledge or notice of the time for re-filing upon exhaustion of his claims in state court.  Nor does the instant petition argue actual innocence.  Rather, Petitioner bases his argument against dismissal for untimeliness on his reliance on the "without prejudice" dismissal of his first habeas petition.  Furthermore, he complains the prior judge should have stayed his exhausted claims while permitting him to exhaust the unexhausted claims in his first habeas petition.  The law is clear that a federal court may dismiss both exhausted and unexhausted claims in a habeas petition.  Petitioner has cited no case law requiring a federal judge inform a petitioner of a right to amend a petition to remove unexhausted claims before the judge dismisses the petition in its entirety.   A Petitioner seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll.  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).  Because Petitioner failed to timely file a state court appeal of his unexhausted claims after dismissal of his first habeas petition and then failed to return to federal court within thirty days after disposition of his state application the Court finds Petitioner failed to act with reasonable diligence in the time he seeks to toll.  Therefore, Petitioner has not met his burden demonstrating his entitlement to equitable tolling.

For the foregoing reasons, the Court finds Petitioner's habeas petition is barred by the one year limitation period set forth in the AEDPA.  The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation.  Therefore, Petitioner's  Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

8

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


September 27, 2007        s/Christopher A. Boyko
Date                       CHRISTOPHER A. BOYKO
                           United States District Judge

9